**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARRY LEE JACKS,<br>Plaintiff,<br>v.<br>HLAING, et al.,<br>Defendants. | No. 2:26-CV-2984-ICD-P<br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

To survive a screening, a complaint must contain sufficient factual matter, accepted as

true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Because Plaintiff is proceeding pro se, however, the Court construes the complaint liberally and affords Plaintiff the benefit of any doubt. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff filed the complaint on September 3, 2026, asserting claims against Defendants Hlaing (a medical doctor), Williams (a mental health supervisor), Jackson (Chief Deputy Warden), and Gonzales (a correctional officer). ECF No. 1 at 1–2. Plaintiff alleges four claims for relief. All named defendants are presumably employed at California State Prison, Sacramento. Id. at 2. Plaintiff directs separate but related claims at each defendant. Plaintiff claims that Defendant Jackson violated his Eighth Amendment rights; Defendants Gonzales and Williams violated his Eighth and Fourteenth Amendment rights; and Defendant Hlaing violated his Eighth Amendment rights and committed medical malpractice.

Plaintiff first claims that Defendant Jackson violated his Eighth Amendment rights through deliberate indifference and cruel and unusual punishment. Id. at 3. Plaintiff alleges that Defendant Jackson raised his care-level classification to the Enhanced Outpatient Program (EOP) and that this increase was in retaliation for previous conflicts with prison officials. Id. Plaintiff alleges that he was assigned to a confinement cell without water that was full of feces and urine, and that he was deprived of his cane. Id. He describes leaking water flowing outside the cell, which caused him to fall. Id. He also alleges that the prison violated policy by placing him in a wheelchair, and that the cell is only meant for an inmate who needs a wheelchair. Id. Plaintiff asserts injuries including a swollen leg (due to the lack of a cane), a back injury, and a broken television (the context of which he addresses in later claims). Id.

Plaintiff next claims that Officer Gonzales violated his Eighth and Fourteenth Amendment rights through the destruction of his property. Id. at 4. Plaintiff asserts that Officer Gonzales escorted him from "standalone" and intentionally destroyed Plaintiff's television. Id. Plaintiff states that Gonzales was captured on body camera footage vandalizing his property and has not

been held accountable, alleging a cover-up. Id. He identifies his injuries as pain and suffering, emotional distress, mental anguish, emotional affliction, depression, and anxiety. Id.

For his third claim, Plaintiff alleges that Defendant Hlaing violated the Eighth Amendment and committed medical malpractice through deficient care in three areas. Id. at 5. First, Plaintiff claims that Defendant Hlaing delayed and denied Plaintiff's eye surgery, allowing Plaintiff to go blind and failing to take his condition seriously. Plaintiff stresses that the surgery was relatively short (15 minutes) and that his condition was allowed to deteriorate for seven months. Second, Plaintiff alleges that when he reported his food was poisoned, Defendant Hlaing referred him for mental health treatment under the guise of a breakdown. Third, Plaintiff alleges that Defendant Hlaing conspired with other prison officials to remove Plaintiff's cane on the grounds that it could be used as a weapon. Plaintiff alleges his injuries include a painful right eye, total blindness, fatigue, stomach aches, a swollen leg, and severe pain. Id.

For his final claim, Plaintiff alleges that Defendant Williams violated the Eighth Amendment through deliberate indifference and confinement violations, and the Fourteenth Amendment through the destruction of property and cruel and unusual punishment, resulting in mental injuries. Id. at 6. To support this claim, Plaintiff alleges that Defendant Williams violated mental health regulations when Plaintiff was placed in the EOP, arguing that he did not exhibit the behaviors necessary for such placement, such as suicidal ideation, hallucinations, or self-harm. Id. He alleges that his being noncommunicative with Defendant Williams was held against him and that he believes his new level of care is an act of retaliation for reporting the clinicians for lying and for his conflicts with prison officials. Id. He states that his injuries include a broken television, a lost cane, a cell full of feces, a back injury, mental anguish, and a swollen leg from the lack of a cane. Id.

Although Plaintiff does not plead a separate claim for retaliation, he alleges in connection with his claims against Defendants Jackson and Williams that his EOP classification, and the cell placement that followed, were imposed in retaliation for reporting clinicians for lying and for his prior conflicts with prison officials. Id. at 3. Construing the complaint liberally, the Court also considers whether Plaintiff states a claim for retaliation in violation of the First Amendment.

## II. DISCUSSION

The Court finds that Plaintiff's complaint plausibly states cognizable claims for relief against some, but not all, of the Defendants. Specifically, liberally construed, the complaint states cognizable claims for (1) violation of the Eighth Amendment against Defendant Jackson based on the conditions of confinement; (2) deliberate indifference to serious medical needs, in violation of the Eighth Amendment, against Defendant Hlaing based on the delay and denial of eye surgery and the removal of Plaintiff's cane; and (3) retaliation, in violation of the First Amendment, against Defendant Williams. For the reasons discussed below, the complaint fails to state any other cognizable claims and states no claim against Defendant Gonzales.

### A. Causal Connection

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are insufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Instead, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Supervisors are generally not liable under Section 1983 for the actions of their subordinates under a theory of respondeat superior. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Because "[g]overnment officials, their titles notwithstanding, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior," Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009), a supervisor may be held liable only if he or she personally participated in the constitutional violation or if there is a sufficient causal connection between the supervisor's wrongful conduct and the violation. See Starr v. Baca, 652 F.3d 1202,

1207 (9th Cir. 2011). Accordingly, Defendant Jackson's position as Chief Deputy Warden and Defendant Williams's position as a mental health supervisor do not, by themselves, render them liable for the acts of their subordinates.

Here, Plaintiff alleges only that Defendants Williams and Jackson played roles in elevating his care level to the EOP, which Plaintiff claims resulted in a cell placement that violated his Eighth Amendment rights. Plaintiff does not connect Defendants Hlaing and Gonzales to the conditions of his confinement. Furthermore, Plaintiff alleges that his Fourteenth Amendment rights were violated due to the destruction of his property (a television), but he connects this violation explicitly only to Defendant Gonzales and fails to specify a causal role for the other Defendants. The sufficiency of Plaintiff's allegations against each individual Defendant is addressed below.

**B. Eighth Amendment**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted with deliberate indifference to inmate health or safety. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable state of mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also

Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131–32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d at 1111. Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

**1. Defendant Jackson, Conditions of Confinement**

Plaintiff's claims against Defendant Jackson are sufficient to proceed. As to the objective component, Plaintiff alleges that he was placed in a cell without water that was full of feces and urine. ECF No. 1 at 3. The denial of water and exposure to human waste are the types of deprivations of basic sanitation and shelter that satisfy the objective requirement. See Johnson v. Lewis, 217 F.3d 726, 731–33 (9th Cir. 2000); Hearns v. Terhune, 413 F.3d 1036, 1042–43 (9th Cir. 2005); Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995) (recognizing that lack of sanitation that is severe or prolonged can violate the Eighth Amendment).

As to the subjective component, Plaintiff alleges that Defendant Jackson personally raised

his classification and caused him to be assigned to the cell. ECF No. 1 at 3. Liberally construed, these allegations support an inference that Defendant Jackson knew of and disregarded the obvious risks posed by the conditions of confinement. Plaintiff's allegation that Defendant Jackson acted with a retaliatory motive reinforces this inference.

Plaintiff's related allegations regarding the deprivation of his cane, wheelchair placement, and exposure to leaking water supplement this claim. Standing alone, a slippery floor does not usually rise to the level of an Eighth Amendment violation. See LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993). However, where officials know that an inmate has a mobility impairment and nonetheless expose him to such hazards, the combination may be sufficiently serious. See Frost v. Agnos, 152 F.3d 1124, 1129 (9th Cir. 1998) (finding a triable issue where a detainee on crutches repeatedly fell due to slippery shower facilities of which officials were aware). Here, the allegations that Plaintiff was deprived of his cane and placed in a cell with leaking water that caused him to fall are sufficient—when taken together with the lack of sanitation—to state a cognizable Eighth Amendment claim against Defendant Jackson.

**2. Defendant Williams, Mental Health Classification**

Plaintiff fails to state a cognizable Eighth Amendment claim against Defendant Williams. Plaintiff's Eighth Amendment claim against Defendant Williams rests on the decision to place him in the EOP. Plaintiff alleges that he did not exhibit the symptoms that warrant EOP placement, such as suicidal ideation, hallucinations, or self-harm, and that Defendant Williams held his refusal to communicate against him. ECF No. 1 at 6. Plaintiff's disagreement with Defendant Williams's clinical assessment of his mental health needs is, at most, a difference of opinion regarding the appropriate course of treatment, which does not amount to deliberate indifference. See Toguchi v. Chung, 391 F.3d 1061, 1058 (9th Cir. 2004). Nor does placement in a higher level of mental health care, without more, deny Plaintiff "the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834.

Although Plaintiff lists the conditions of his cell among the injuries resulting from Defendant Williams's actions, he does not allege that Defendant Williams selected the cell, knew of its condition, or was responsible for the removal of his cane. Therefore, Plaintiff has not linked

Defendant Williams to an Eighth Amendment violation.

**3. Defendant Hlaing, Medical Care**

Plaintiff states a cognizable claim against Defendant Hlaing based on the delay and denial of eye surgery. Blindness and the pain Plaintiff describes in his right eye are serious medical conditions that a reasonable doctor would find worthy of treatment and that significantly affect Plaintiff's daily activities. See McGuckin, 974 F.2d at 1059–60; Colwell v. Bannister, 763 F.3d 1060, 1066–67 (9th Cir. 2014) (noting blindness in one eye caused by a cataract is a serious medical condition). Plaintiff alleges that Defendant Hlaing delayed and denied a surgery lasting approximately 15 minutes for seven months, did not take his condition seriously, and that Plaintiff suffered blindness as a result. ECF No. 1 at 5. These allegations plausibly show both a purposeful failure to respond to Plaintiff's medical needs and resulting harm, including the further injury required where delay is alleged. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin, 974 F.2d at 1060.

Plaintiff's allegation that Defendant Hlaing joined other prison officials in removing his cane because it could be used as a weapon, resulting in a swollen leg and severe pain, also states a cognizable claim. The complaint alleges that the cane was medically necessary and that Defendant Hlaing personally participated in its removal. Taken together with Plaintiff's other allegations, this is sufficient to survive screening as to Defendant Hlaing.

Plaintiff does not, however, state a cognizable claim based on Defendant Hlaing's response to his report that his food had been poisoned. By Plaintiff's own account, Defendant Hlaing responded to the report by referring Plaintiff for a mental health evaluation. ECF No. 1 at 5. A referral for evaluation is an active response to Plaintiff's complaint, and Plaintiff's disagreement with that clinical judgment constitutes a difference of medical opinion that does not rise to the level of deliberate indifference. See Toguchi v. Chung, 391 F.3d at 1058. Plaintiff does not allege facts suggesting that the referral was medically unacceptable under the circumstances or made in conscious disregard of an excessive risk to his health. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

//

**4. Defendant Gonzales, Destruction of Property**

Plaintiff fails to state a cognizable Eighth Amendment claim against Defendant Gonzales. Plaintiff alleges that Defendant Gonzales intentionally destroyed his television while escorting him from "standalone," and that the conduct was captured on body camera footage. ECF No. 1 at 4. However improper, the destruction of a television does not deprive an inmate of "food, clothing, shelter, sanitation, medical care, [or] personal safety," Toussaint, 801 F.2d at 1107, and therefore does not satisfy the objective component of an Eighth Amendment claim. Plaintiff's claim regarding the loss of his property is properly analyzed under the Due Process Clause of the Fourteenth Amendment, as discussed below.

**C. Fourteenth Amendment — Due Process**

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To state a claim for deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Due process protects against the deprivation of property where there is a legitimate claim of entitlement to that property. See Bd. of Regents, 408 U.S. at 577. Protected property interests are created, and their dimensions defined, by existing rules that stem from an independent source—such as state law—and which secure certain benefits and support claims of entitlement to those benefits. See id.

To state a claim under Section 1983 for deprivation of property without due process of law, an inmate must establish that the deprivation occurred as a result of some established state procedure. See Parratt v. Taylor, 451 U.S. 527, 542 (1981). Where a prisoner alleges the deprivation of a liberty or property interest caused by the random and unauthorized action of a prison official, there is no cognizable claim under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129–32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984). An available state common law tort procedure to recover the value of property constitutes an adequate remedy. See Hudson, 468 U.S. at 533.

Here, Plaintiff alleges that Defendant Gonzales destroyed his television, depriving him of

a property interest. However, Plaintiff does not allege that this was tied to an established state procedure, and California offers an adequate post-deprivation remedy through its state tort claims procedure. Because Plaintiff alleges that Defendant Gonzales acted intentionally and without authorization, the alleged deprivation was random and unauthorized, and California's post-deprivation remedies satisfy due process. See Hudson, 468 U.S. at 533; Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994). Plaintiff therefore fails to state a cognizable due process claim against Defendant Gonzales.

Plaintiff likewise fails to state a Fourteenth Amendment claim against Defendant Williams. Plaintiff does not allege any facts connecting Defendant Williams to the destruction of his television. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). To the extent Plaintiff invokes the Fourteenth Amendment as a protection against cruel and unusual punishment, his claim is governed by the Eighth Amendment, which provides the explicit textual source of constitutional protection for convicted prisoners. See Graham v. Connor, 490 U.S. 386, 395 (1989); Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996). Furthermore, to the extent Plaintiff intends to challenge his EOP placement itself as a deprivation of liberty without due process, he must allege facts showing that the placement imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

**D. Retaliation**

To state a claim under 42 U.S.C. § 1983 for retaliation, a prisoner must establish that he was retaliated against for exercising a constitutional right and that the retaliatory action did not advance a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815–16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138–39 (9th Cir. 1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000); see also Rhodes v.

Robinson, 408 F.3d 559, 569 (9th Cir. 2005). Thus, a plaintiff must establish five basic elements to state a claim for retaliation: (1) an assertion that a prison official took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate penological goal. See Rhodes, 408 F.3d at 567–68. Filing grievances and otherwise complaining about the conduct of prison staff constitutes protected conduct. See id.; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). The prisoner must also allege that the protected conduct was "the 'substantial' or 'motivating' factor behind the defendant's conduct." Brodheim, 584 F.3d at 1271 (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)). Although the prisoner need not allege that his speech was actually silenced, harm that is more than minimal "will almost always have a chilling effect." Rhodes, 408 F.3d at 568 n.11.

Here, Plaintiff states a cognizable retaliation claim against Defendant Williams. Plaintiff alleges that he reported clinicians for lying, which is conduct protected by the First Amendment, and that Defendant Williams, a mental health supervisor, responded by raising his level of care to the EOP even though he did not exhibit the symptoms warranting that classification, such as suicidal ideation, hallucinations, or self-harm. ECF No. 1 at 6. Plaintiff further alleges that this reclassification resulted in his placement in an unsanitary cell without water and without his cane. Id. at 3, 6. These allegations are sufficient to show an adverse action causing more than minimal harm, a causal connection between that action and Plaintiff's protected conduct, and the absence of a legitimate penological purpose. See Rhodes, 408 F.3d at 567–68.

Plaintiff does not, however, state a cognizable retaliation claim against Defendant Jackson. Plaintiff alleges only that Defendant Jackson raised his classification in retaliation for previous conflicts with prison officials. ECF No. 1 at 3. A generalized conflict with prison staff is not necessarily protected conduct, and Plaintiff fails to identify the specific protected conduct that allegedly motivated Defendant Jackson or to allege facts suggesting that Defendant Jackson was aware of Plaintiff's complaints against the clinicians. Without such facts, Plaintiff has not alleged that protected conduct was the substantial or motivating factor behind Defendant Jackson's actions. See Brodheim, 584 F.3d at 1271. If Plaintiff files an amended complaint, he must identify

the protected conduct in which he engaged, explain how Defendant Jackson knew of it, and describe the facts demonstrating that Defendant Jackson acted because of it.

**E. State Law Claim, Medical Malpractice**

Plaintiff also alleges that Defendant Hlaing committed medical malpractice, a claim arising under California law rather than § 1983. See Estelle, 429 U.S. at 106. The Court may exercise supplemental jurisdiction over state law claims that form part of the same case or controversy as Plaintiff's cognizable federal claims. See 28 U.S.C. § 1367(a).

Under the California Government Claims Act, however, a plaintiff may not maintain an action for damages against a public employee for an injury arising from conduct within the scope of employment unless the plaintiff first presented a timely written claim to the appropriate public entity and the claim was acted upon or deemed rejected. See Cal. Gov't Code §§ 905.2, 911.2, 945.4, 950.2. A plaintiff must allege facts demonstrating or excusing compliance with this claim-presentation requirement, and a failure to do so is fatal to the state law claim. See Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff does not allege that he presented a claim under the Government Claims Act before filing suit. Accordingly, the medical malpractice claim against Defendant Hlaing is not cognizable as pleaded. If Plaintiff files an amended complaint, he must allege facts showing compliance with, or an excuse from, the Act's claim-presentation requirement.

**F. Remaining Allegations**

Several of Plaintiff's remaining allegations do not state independent claims. First, Plaintiff alleges that Defendant Williams violated "mental health section 334" and that prison officials violated policy by placing him in a wheelchair and in a cell designated for wheelchair users. ECF No. 1 at 3, 6. Section 1983 provides a remedy only for violations of federal law; an alleged violation of state regulations or prison policy does not, by itself, state a cognizable claim. See Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) ("[T]here is no § 1983 liability for violating prison policy.") (citation omitted). These allegations are relevant only insofar as they bear on Plaintiff's constitutional claims.

Second, Plaintiff alleges that Defendant Gonzales has not been held accountable for

destroying his property and that there has been a cover-up. ECF No. 1 at 4. Prisoners have no standalone constitutional right to a particular grievance process or to an investigation of a staff member's conduct. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Moreover, Plaintiff does not identify any individual Defendant responsible for the alleged cover-up.

## III. CONCLUSION

The complaint states cognizable claims against Defendant Jackson (Eighth Amendment conditions of confinement), Defendant Hlaing (Eighth Amendment deliberate indifference to serious medical needs, based on the delay and denial of eye surgery and the removal of Plaintiff's cane), and Defendant Williams (First Amendment retaliation). The complaint fails to state any other claim, including any claim against Defendant Gonzales.

Because the deficiencies identified in this order may be cured by amendment, Plaintiff is granted leave to amend. See Lopez v. Smith, 203 F.3d at 1126, 1131. Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015); Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff files an amended complaint, the Court cannot refer to the prior pleading to make the amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of resulted in a deprivation of his constitutional rights. The amended complaint must allege in specific terms how each named defendant was involved and must set forth an affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

///

///

///

Because the complaint otherwise states cognizable claims, if no amended complaint is filed within the time allowed, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed and will issue the orders necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: September 29, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE